# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DRUMMOND COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) 2:13-mc-00365 |
| v. | )<br>)<br>) |
| TERRENCE P. COLLINGSWORTH, individually and as an agent of Conrad & Scherer, LLP; and **CONRAD & SCHERER, LLP**, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

This miscellaneous action arises from a subpoena directed at Daniel Kovalik in this district with respect to discovery in a civil action pending in the United States District Court for the Northern District of Alabama. Pending before the Court is DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA TO DANIEL M. KOVALIK (ECF No. 1). For the reasons that follow, the motion is hereby **TRANSFERRED** to the United States District Court for the Northern District of Alabama under Fed. R. Civ. P. 45(f).

Fed. R. Civ. P. 45(f) allows this Court to transfer subpoena-related motions to the court where the underlying action is pending "if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Comments to Rule 45 provide guidance on what constitutes "exceptional circumstances." For example, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Committee Comments to 2013 Amendment to Fed. R. Civ. P. 45. Those concerns are present here. Some of the work product issues presented in Defendants' motion have already been ruled upon in the underlying action in the Northern District of

Alabama. *See* ECF No. 64 in *Drummond Company, Inc. v. Terrence P. Collingsworth, et al.*, No. 2:11-cv-3695-RDP-TMP (N.D. Ala.). A number of work-product related issues remain pending in the underlying action and Judge Proctor's ruling on those issues will affect the scope of documents that must be produced in response to Drummond's subpoena to Kovalik. Accordingly, a transfer is warranted to permit the Court with the most familiarity with this case—the District Court for the Northern District of Alabama—to decide these issues. That is the only way in which consistency may be ensured. The Court notes that the District Court for the District of Columbia recently recognized these same concerns as warranting the transfer of a motion to quash a subpoena served in that district related to the underlying action in Alabama. *See* Minute Order of April 2, 2014 in *Drummond Company, Inc. v. Terrence P. Collingsworth, et al.*, No. 1:13-mc-877-ABJ-DAR (D.D.C.). Transfer is also warranted because it will not inconvenience or prejudice Kovalik, the party who is subject to the subpoena. He has "neither brought this motion to quash nor made any arguments in support thereof." Melder v. State Farm Mut. Auto. Ins. Co., 2008 WL 1899569, at *4 (N.D. Ga. Apr. 25, 2008). "Thus, not only is the forum court much more familiar with this case and, therefore, more capable of making an intelligent ruling, no one other than the parties is even involved in the discovery dispute before this court." *Id.*

      **SO ORDERED**, this 14th of April, 2014.

                                            BY THE COURT:

                                            s/Terrence F. McVerry
                                            United States District Judge

cc:     **Christopher M. Capozzi**
        Email: chris@cmcapozzilaw.com

        **Melvin L. Vatz**
        Email: mlv@ggvlaw.com